**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **JULIO OSCAR ACEVEDO BARRETO** | **CASE NO. 07-01435 BKT** |
| **GLORIA ESTHER PEREZ CARDONA** | **CHAPTER 7** |
| *Dba* **PANADERIA FAMILIAR** | |
| **Debtor(s)** | **ADVERSARY NO. 10-00064** |
| **JULIO OSCAR ACEVEDO BARRETO** | |
| **GLORIA ESTHER PEREZ CARDONA** | |
| *Dba* **PANADERIA FAMILIAR** | |
| **Plaintiff** | |
| **AAA, et als.** | **FILED & ENTERED ON 06/06/2011** |
| **Defendant(s)** | |

## OPINION AND ORDER

### I. Procedural History

After several procedural setbacks in this case, Julio Oscar Acevedo Barreto and Gloria Esther Cardona dba Panadería Familiar ("Plaintiff") filed a Motion for Leave to File a Third Amended Complaint on December 7, 2010. Plaintiffs' Motion was granted on March 7, 2011. The State Insurance Fund ("Defendant") filed a Motion to Dismiss the Third Amended Complaint on May 2, 2011. Defendant argues that Plaintiffs are not entitled to relief for two reasons: 1) Plaintiff did not comply with F.R.C.P. 8(c) by failing to specify the type of damages and 2) Defendant enjoys sovereign immunity. Plaintiffs filed an Opposition to Motion to Dismiss the Third Amended Complaint on May 30, 2011. For the reasons set forth below, Defendant's Motion to Dismiss is hereby DENIED.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy

Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## III. Discussion

### A. Failure to State a Claim under Fed. R. Civ. P. 8(c)

A complaint must include: 1) a short, plain statement of the claim, 2) a showing of entitlement to relief, and 3) a prayer for relief. Fed. R. Civ. P. 8(c). Rule 8 was expanded by Bell Atlantic Corp. v. Twombly to mean that the claim must not only be possible, but *plausible* on its face in order to survive early dismissal under a 12(b)(6) motion to dismiss. 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556.

In this case, Plaintiffs' Third Amended Complaint is sufficient to put Defendant on notice of the alleged misconduct and to establish a plausible *prima facie* case for violation of an automatic stay under 11 U.S.C. § 362. Plaintiffs enumerate the letters of notice seeking payment sent by Defendant, and ask for $50,000 in damages. Thus, Plaintiffs sufficiently allege liability and do not need to allege the specific type of damages or show a calculation of damages at this time.

### B. Sovereign Immunity

Congress' authority to abrogate state sovereign immunity under the Bankruptcy Reform Act of 1994 has been repeatedly upheld as constitutional. Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 445 (2004); In re J.F.F. Enterprises, Inc., 183 B.R. 342, 354 (Bankr. D. Mass. 1995). "[S]overeign immunity is abrogated as to a government unit . . ." with respect to several sections of the Bankruptcy Code, including automatic stay proceedings under 11 U.S.C. § 362. 11 U.S.C. § 106(a)(1)

In the present case, Plaintiffs filed for bankruptcy, initiating an automatic stay under 11 U.S.C. § 362 against all creditors, including Defendant State Insurance Fund.  Because sovereign immunity has been constitutionally abrogated under section 106(a) for section 362 proceedings, and the State is to be treated as any other creditor, this Court finds that Defendant is not entitled to a defense of sovereign immunity from a violation of the automatic stay.

**IV.  Conclusion**

This Court concludes that the Motion to Dismiss for failure to state damages is premature, as liability has not yet been decided.  Additionally, Defendant is not entitled to sovereign immunity, which is abrogated under 11 U.S.C. § 106(a)(1).  Defendant's Motion to Dismiss is hereby DENIED without prejudice.

**SO ORDERED.**

**San Juan, Puerto Rico, this 06 day of June, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**