IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JULIO OSCAR ACEVEDO BARRETO
GLORIA ESTHER PEREZ CARDONA

Debtor(s)

JULIO OSCAR ACEVEDO BARRETO
GLORIA ESTHER PEREZ CARDONA
d/b/a PANADERIA FAMILIAR

Plaintiff
AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS; CORPORACION
DEL FONDO DEL SEGURO DEL
ESTADO; DEPARTAMENTO DEL
TRABAJO Y RECURSOS HUMANOS;
and WIGBERTO LUGO MENDER
,TRUSTEE

Defendant(s)

CASE NO. 07-01435 BKT

CHAPTER 7

ADVERSARY NO. 10-0064

FILED & ENTERED ON 07/24/2012

OPINION AND ORDER

Before the Court is the Motion for Partial Summary Judgment filed by Julio Oscar Acevedo Barreto and Gloria Esther Pérez Cardona, d/b/a Panaderia Familiar ("Plaintiffs") as to co-defendant Puerto Rico's Aqueduct and Sewers Authority ("PRASA") (Dkt. No. 111), Plaintiffs' Statement of Uncontested Material Facts (Dkt. No. 111), PRASA's Opposition to Statements of Uncontested Material Facts (Dkt. No. 125), PRASA's Opposition to Motion for Partial Summary Judgment (Dkt. No. 126) and Plaintiffs' Reply to Opposition

to Motion for Partial Summary Judgment (Dkt. No. 141). For the reasons set forth below Plaintiffs' Motion for Partial Summary Judgment is hereby DENIED.

I. Factual and Procedural Background

On March 20, 2007,Plaintiffs filed their Chapter 7 voluntary petition (Dkt No. 1),Case No. 07-01435. On April 4, 2010, Plaintiffs filed an adversary proceeding against PRASA, the State Insurance Fund Corporation, the Department of Labor and Human Resources and Wigberto Lugo Mender, Esq., Chapter 7 Trustee, for allegedly violating the automatic stay provisions of 11 U.S.C. §362 (k)(1) and (2). On February 7, 2012, Plaintiffs filed a Partial Motion for Summary Judgment as to the allegations against PRASA(Dkt No. 111). Plaintiffs contend that PRASA received timely and sufficient notice of the filing of the bankruptcy case, as evidenced by the Certificate of Service of March 23, 2007 (Dkt No. 4).In the bankruptcy case PRASA was an unsecured creditor, as such, was included in the schedules and in the CM/ECF creditor mailing matrix. Nevertheless, from February 22, 2008 through February 19, 2010, PRASA purportedly continued to assess and collect a claim against Debtors through the continued mailing of written collection notices.

Plaintiffs further allege that on July 15, 2010, PRASA

acknowledged the fact that the bankruptcy case had been filed. Notwithstanding, PRASA continued to send standard computer generated bills and a termination letter, which Plaintiffs characterize as contemptuous, coercive and harassing collection tactics. Plaintiffs assert that PRASA's actions constituted willful violations of the automatic stay under 11 U.S.C. § 362(k), as PRASA intended its actions and also failed to take corrective action.

On the other hand, PRASA alleges that due to unusual and extenuating circumstances it had no knowledge of Plaintiffs' bankruptcy filing and the ensuing automatic stay. PRASA sustains that around the petition date, PRASA's one employee who receives the bankruptcy notices and codified the accounts was murdered. To that effect, during the turmoil of events immediately following such murder, Plaintiffs' bankruptcy notice was purportedly misplaced. For this reason, PRASA alleges that it had no actual knowledge of Plaintiffs' bankruptcy case. Therefore, PRASA's computer system continued generating invoices reflecting pre and post-petition charges, and admits seventeen notices were sent to Plaintiffs between February 2008 and February 2010requesting payment.

PRASA alleges that it never received any other communications from Plaintiffs. However, PRASA never terminated Plaintiffs' water

service and denies having sent collection letters threatening Plaintiffs with terminating their water service. PRASA argues that the letter sent on July 10, 2012 is not a termination letter, but a 20-day notice requesting adequate assurance of payment pursuant to 11 U.S.C. § 366.  Said letter was sent by PRASA after learning of the bankruptcy filing.  PRASA sustains that because of the isolated, unusual circumstance of the death of that one employee PRASA had no knowledge of the bankruptcy case.  Therefore, PRASA asserts that it did not violate the automatic stay.  PRASA argues that when it became aware of Plaintiffs bankruptcy case, no further action or activity was undertaken by them.  Accordingly, PRASA contends that it is immune from liability for stay violations because without the actual knowledge of the filing of plaintiff's bankruptcy case, its actions were not willful.  It is PRASA's positions that the actions undertaken against Plaintiffs were but a result of a clerical mistake, hence, no violation of the automatic stay occurred.

PRASA requests that Plaintiffs' Statement of Uncontested Material Facts and exhibits (Dkt. No. 111) be stricken, and the Motion for Partial Summary Judgment be denied. This request is founded on Plaintiffs' failure to comply with Local Civil Rule for the U.S. District Court for the District of Puerto Rico 56(b) (L.Cv.R. 56(b)(D.P.R. 2009)),which requires that a motion for

summary judgment be supported by separate, short, and concise statements of material facts as to which the moving party contends there is no genuine issue of material fact to be tried, each of which must be supported by a record citation. PRASA also contends that Plaintiffs failed to provide record citations in support of paragraphs number 2 and 4 of their statement of uncontested facts violating L.Cv.R. 56(b) (D.P.R. 2009).

PRASA sustains that Plaintiffs failed to comply with Federal Rules of Civil Procedure 56(c)(1)(A)&(B), because they only cite as supporting evidence the allegations contained in the unsworn Third Amendment Complaint (Dkt. No. 33, page 8). The allegations included in said complaint have not been authenticated by a declaration of the Plaintiffs, therefore, PRASA claims that they are insufficient for purposes of summary judgment. According to PRASA, Plaintiffs also failed to submit an affidavit or unsworn statement with their motion, thus failing to authenticate their exhibits in violation of Federal Rules of Civil Procedure 56(c)(2)&(c)(4), which precludes its consideration on a motion for summary judgment. Finally, PRASA argues that Plaintiffs failed to include an English translation of the documents referenced in Plaintiffs' Statement of Uncontested Facts and included as exhibits(Dkt No. 111), as required by Local Bankruptcy Rule 9070-1(c).

II.    Discussion

### A. Summary Judgment Standard

The Court's discretion to grant summary Judgment is governed by Rule 56 of the Federal Rules of Civil Procedure applicable in bankruptcy by the Federal Rules of Bankruptcy Procedure 7056. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, through definite and competent evidence in order to attain its summary judgment. Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case. Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 152 (1st Cir.2009), quoting Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir.2004).

When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. In re Roldan, 2012 WL 2221410 (Bankr.D.P.R.June 13, 2012),

**Poller v. Columbia Broadcasting Systems, Inc.**, 368 U.S. 464, 473 (1962). The moving party will not be successful if any essential element of its claim or defense requires trial. **In re Roldan**, **supra**. Once the moving party has presented a properly supported motion, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion of the summary judgment. **Estrada v. Alemañy-Noriega**, 806 F. Supp. 2d 510, 514 (D.P.R. 2011). A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. **In re Roldan**, **supra**, see also **Over the Road Drivers, Inc. v. Transport Insurance Co.**, 637 F.2d 816, 818 (1st Cir.1980). Therefore, the moving party has the burden to establish that it is entitled to summary judgment and no defense is required where an insufficient showing is made. **López v. Corporación Azucarera de Puerto Rico**, 938 F.2d 1510, 1517 (1st Cir.1991).In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See **Hadfield v. McDonough**,407 F.3d 11, 15 (1st Cir.2005). Hence, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." **In re Edgardo**

**Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos)**, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

## B. Procedural requirements

When a party files a motion for summary judgment it must comply with the requirements of L.Cv.R. 56 (D.P.R. 2009), and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. **Hodge v. Roblex Aviation, Inc.**, CIV. 09-1445 (SEC), 2010 WL 2852854 (D.P.R. July 20, 2010) reconsideration denied, 09-1445 (SEC), 2010 WL 3363226 (D.P.R. Aug. 24, 2010). L.Cv.R. 56(b) (D.P.R. 2009)provides:

> "A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule."
> L.Cv.R. 56(b) (D.P.R. 2009).

These rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court."**Cabán-Hernández v. Phillip Morris USA, Inc.**, 486 F.3d 1, 8(1st Cir.2007).The First Circuit has repeatedly held that when the parties ignore the Local Rules, they do so at their peril. See**Ruiz-Rivera v. Riley**,209 F.3d 24, 28 (1st

Cir.2000).

Without the Local Rules "summary judgment practice could too easily become a game of cat-and-mouse."Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.2000). Such rules are designed to function as a means of "focusing a district court's attention on what is-and what is not-genuinely controverted."Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir.2006). Which is why, in order to ease the court's workload by avoiding to find a "pin in a haystack" Local Rule 56 (e) specifically requires that "an assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion". L.Cv.R. 56 (e) (D.P.R. 2009).Therefore, it is important that Local Rules are complied with. In the event that a party opposing summary judgment fails to act in accordance with the rigors that such a rule imposes, the court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated. Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7-8 (1st Cir. 2007).Also see Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir.2004); Ruiz Rivera, 209 F.3d at 28.

In accordance with summary judgment procedure the Federal Rules of Civil Procedure 56(c)(1)(A)&(B) specifies:

> "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B)showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Therefore, in order to show that the material cited establishes a genuine dispute through a properly supported motion, the documents supporting or opposing summary judgment must be properly authenticated pursuant to Federal Rules of Civil Procedure, Rule 56(e).  Failure to authenticate precludes consideration of the supporting documents. Carmona v Toledo, 215 F.3d 124, 131 (1st Cir. 2000)."To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'"Orsi v Kirkwood, 999 F.2d 86, 92 (4th Cir.1993) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2722 at 382 (3d ed.1998)); see also Cummings v Roberts, 628 F.2d 1065, 1068 (8th Cir.1980) (records attached to affidavit but not certified as required by Fed.R.Civ.P. 56(e) not properly considered by district court). Rule 56(e) requires that the affidavit be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Moreover, "sworn or certified copies of all papers" referred to in the

affidavit must be attached. Carmona v Toledo 215 F.3d at 131 (1st Cir. 2000).

Plaintiffs cannot "rest upon the mere allegations" of their pleadings, Fed.R.Civ.P. 56(e), but need to present proper evidence establishing the allegations set forth in their complaint and request for summary judgment. Allstate Fin. Corp. v Financorp, Inc., 934 F.2d 55, 58 (4th Cir.1991).If a party failed to submit an affidavit or unsworn statement with his or her motion for summary judgment to authenticate his exhibits, this alone suffices to disallow the exhibits insofar as unauthenticated documents do not suffice. Lezcano-Bonilla v. Matos-Rodriguez, 07-1453 SEC, 2010 WL 3372514 (D.P.R. Aug. 24, 2010); citing Orsiv Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993).

Additionally, L.Cv.R. 5(g) requires that "all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." L.Cv.R.5(g) (D.P.R. 2009).It is also required by Puerto Rico LBR 9070-1(c) which specifically states "all exhibit and documentary evidence in Spanish, or other language, shall be fully translated to the English language by a certified translator."Thus, the law is clear that any submitted exhibit not directly translated into English or

provided with a corresponding English translation may be disregarded by the Court. <u>Colon-Fontanez v. Municipality of San Juan</u>, 660 F.3d 17, 27 (1st Cir. 2011).

   III.   Conclusion

   The Court finds that PRASA's allegations as to the insufficiency as to Plaintiffs' allegations and supporting evidence are valid.  Specifically, Plaintiffs failed to correctly provide record citations in their statement of material facts in violation of L.Cv.R. 56(e) (D.P.R. 2009). Plaintiffs' failure to authenticate allegations which were cited as supporting evidence in their statement of facts, as well as its failure to properly authenticate their exhibits precludes its consideration pursuant to the Federal Rules Civil Procedure, Rule 56 (e).Additionally, Plaintiffs failed to include a translation of an exhibit into English as required by L.Cv.R. 5(g) and LBR 9070-1(c).

   WHEREFORE, IT IS ORDERED that Plaintiffs' Partial Motion for Summary Judgment as to PRASA shall be, and hereby is, DENIED.

   SO ORDERED.

   San Juan, Puerto Rico, this 24 day of July, 2012.

                                        Brian K. Tester
                              U.S. Bankruptcy Judge