# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE:<br><br>**JULIO OSCAR ACEVEDO BARRETO**<br>**dba PANADERIA FAMILIAR**<br><br>Debtor(s) | **CASE NO. 07-01435-BKT7**<br>**Chapter 13**<br><br>**Adversary No. 10-00064-BKT** |
| **JULIO OSCAR ACEVEDO BARRETO**<br>**dba PANADERIA FAMILIAR**<br>**GLORIA ESTHER PEREZ CARDONA**<br><br>Plaintiff<br>**vs.**<br><br>**AAA, DEPT TRABAJO,**<br>**WIGBERTO LUGO MENDER,**<br>**STATE INSURANCE FUND**<br><br>Defendants | **FILED & ENTERED ON 4/2/2014** |

## OPINION AND ORDER

Before the court is the Motion for Judgment on the Pleadings filed by the Puerto Rico Aqueduct and Sewer Authority ("PRASA") [Dkt. No. 157] and Plaintiffs' Opposition [Dkt. No. 160]. For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings is DENIED.

## I.    Background

On April 14, 2010, Plaintiffs brought this action against PRASA for an alleged violation of

the automatic stay under 11 USC §362 (k). In their Third Amended Complaint, Plaintiffs demand an award for actual damages, punitive damages, pre and post judgment prevailing legal interest, and taxing of all costs and expenses of the proceeding, including reasonable attorney's fees against PRASA. PRASA filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) asserting that: (i) plaintiffs failed to allege facts amounting to a willful violation of the stay by failing to allege improper actions by PRASA, therefore no damages may be awarded; (ii) there is no cause of action for either emotional or punitive damages available against PRASA, as a governmental unit; (iii) there being no valid claim for violation of the stay against PRASA, no attorney fees may be awarded.

In their opposition, Plaintiffs withdrew their claim for punitive damages. Pending, however, are Plaintiffs' claim for willful violation of the automatic stay and the taxing all costs and expenses of the proceeding, including reasonable attorney's fees.

**II. Standard of review**

    **A. Motion for Judgment on the Pleadings**

After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The pleadings in this case closed after PRASA's answer to the Third Amended Complaint was filed. As with the Rule 12(b)(6) motion, in reviewing a motion for judgment on the pleadings the court must accept the nonmovant's allegations as true, viewing the facts in the light most favorable to the nonmoving party." Feliciano v. State of R.I., 160 F.3d 780, 788 (1st Cir. 1998) ("[T]he district court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor"); Rivera-Gomez v. Adolfo de Castro, 843 F.2d 631, 635 (1st Cir. 1988). "Judgment on the pleadings under Rule

12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano, 160 F.3d at 788.

**B. Stay violation**

"The Bankruptcy Code provides a remedy for individual debtors who are injured by violations of the automatic stay". In re Vázquez Laboy, 416 BR 325, 332 (1st Cir.BAP 2009) (reversed on other grounds). Section 362(k)(1) dictates that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The words "shall recover" have been interpreted within the First Circuit to indicate that "Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." In re Heghmann, 316 B.R. 395, 405 n. 9 (1st Cir.BAP 2004) (citing Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995)). Damages, however, are not imposed as a matter of course. Vázquez Laboy, supra. "[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount." Heghmann, 316 B.R. at 405.

Emotional distress is an actual injury for which a debtor may recover damages. Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir.1999). Therefore, a debtor is entitled to recover actual damages and, in appropriate circumstances, punitive damages when the debtor proves that he has been injured by a creditor's willful acts to enforce any lien against the debtor after the filing of a bankruptcy petition, unless the creditor received authorization from the bankruptcy court. In re Vázquez Laboy, supra. However, once a party has proven damages, he/she needs to show the

amount of damages with reasonable certainty, as a damages award cannot be based on mere speculation, guess or conjecture. Heghmann, supra.

**C.     Imposition of attorney's fees**

Rule 44.1 of the 2009 Rules of Civil Procedure of Puerto Rico establishes that "… Should the Commonwealth of Puerto Rico, its municipalities, agencies or instrumentalities have acted recklessly or frivolously, the court shall impose in its judgment an amount for attorney's fees, except as expressly exempted by law for payment of attorney fees." As a rule, in cases of collection of money and damages against the state or municipalities, there shall not be an imposition of attorney fees for recklessness. The prohibition of payment applies only to those cases. Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983); Ortiz y otros v. Municipio de Lajas, 153 D.P.R. 744 (2001).

**III.    Discussion**

In the Third Amended Complaint, Plaintiffs affirm that PRASA performed various acts in willful violation of the stay, including:

a. Commence or continue an action against Plaintiffs/Debtors to recover a claim that arose before the commencement of the bankruptcy case; and

b. Collect, assess or recover a claim against the Plaintiffs/Debtors that arose before the commencement of the bankruptcy case.

c. Continued to send Plaintiffs/Debtors written collection notices of debts included in the bankruptcy schedules.

Plaintiffs merit this court's determination on the extent of PRASA's knowledge and resulting liability for breach of the automatic stay, if any.  Once this threshold is surpassed, the court will entertain Plaintiffs' allegations on damages.  Therefore, PRASA's Motion for Judgment on the Pleadings is hereby denied.

WHEREFORE, IT IS ORDERED that the Motion for Judgment on the Pleadings filed by PRASA shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 2nd day of April, 2014.

Brian K. Tester
U.S. Bankruptcy Judge